IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
AT CLEVELAND

| | |
|---|---|
| **JOHN K. LANE, Receiver for Hall Street Company, f/k/a The Robbins Company,** : | |
| : | Civil Action No. _____ |
| **Plaintiff** : | |
| **v.** : | |
| **YANG HAOZHI, YANG LIANG, GE BING, WANG DONGCHUN, and WANG YONG,** : | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendants, Yang Haozhi, Yang Liang, Ge Bing, Wang Dongchun, and Wang Yong ("Defendants), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a) and (b), hereby remove the state court action described below, currently pending in the Cuyahoga County Court of Common Pleas, CV 21 952011, to this Court, the United States District Court for the Northern District of Ohio, Eastern Division.

## NATURE OF THE CASE

1.      This matter arises out of a dispute regarding Defendants' service as Directors and Officers of The Robbins Company ("TRC"), which was in the business of developing and manufacturing construction equipment for use underground (primarily tunnel-boring machines, or "TBMs"). TRC has been in receivership since 2019.[1]

---

[1] The receivership action is currently pending in the Cuyahoga County Court of Common Pleas and is styled *Home v. Robbins Company*, CV-19-921031.

2. On August 23, 2021, Plaintiff, John K. Lane ("Lane"), Receiver for TRC, filed a Complaint against Defendants in the Cuyahoga County Court of Common Pleas, asserting claims for breach of fiduciary duty.

3. As detailed below, the Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. This Notice is timely.

## TIMELINESS OF REMOVAL

4. Plaintiff filed the Complaint on August 23, 2021. *See* **Exhibit 2**. Defendants have not yet been served. Defendants specifically preserve all defenses available under Rule 12, including lack of personal jurisdiction, lack of service of process, and failure to state a claim.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(c)(1) as it is filed less than one year after commencement of the action.

## VENUE

6. The Cuyahoga County Court of Common Pleas is located in the Northern District of Ohio, Eastern Division. Venue is proper under 28 U.S.C. § 115(a)(1) because this is the "district and division embracing the place where such action is pending." *See* U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

7. Plaintiff is and was, at the time of the filing of the Complaint and the filing of this removal, a resident of Ohio. Therefore, Plaintiff is an Ohio citizen for diversity purposes.

8. Defendants are and were, at the time of the filing of the Complaint and the filing of this removal, citizens of the People's Republic of China. *See* Compl., p. 5, ¶ 9. Therefore, Defendants are Chinese citizens for diversity purposes. 28 U.S.C. § 1332.

22377251.v1

9. As Plaintiff is an Ohio citizen and Defendants are Chinese citizens, there is complete diversity between plaintiff and defendants.

**AMOUNT IN CONTROVERSY**

10. Pursuant to 28 U.S.C. §1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. A removing defendant need only show by a preponderance of evidence that the amount-in-controversy requirement has been met. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

11. Consistent with Rule 8 of the Ohio Rules of Civil Procedure, the Complaint does not specify a demand for judgment in the amount of the recovery sought. It simply asserts that Plaintiff's damages exceed $25,000.00. However, Defendants are nonetheless informed and believe that Plaintiff's alleged damages are in excess of $75,000.00.

12. The Complaint alleges that Defendants "committ[ed] to obtain a loan in the amount of $22.2 Million to TRC so TRC could pay off a 'Shareholder's Bridge Loan.'" Compl., p. 6-7, ¶ 13. It further asserts that TRC relied on Defendants' commitment and did not seek alternative financing, only to learn that Defendants had not taken any steps to secure the loan. *Id.* at p. 7, ¶¶ 14-15. "The failure to repay the Shareholders Bridge Loan eventually caused TRC to enter into the Receivership Proceedings." *Id.*

13. The Complaint also alleges that Defendants took actions that caused TRC to lose out on a joint venture opportunity called "Power China," which would have provided it "the opportunity to participate in the design and build of over 40 TBMs." Compl., p. 13, ¶ 39. According to Plaintiff, "[t]he purchase price for a typical TBM at that time was $10 million to $30 million."

*Id*. Thus, Plaintiff's Complaint suggests that TRC lost somewhere between $400,000,000.00 and $1,200,000,000.00 in business as a result of Defendants' actions.

14. Finally, the Complaint alleges that Defendants' failure to provide required banking information "caused TRC to lose over $1 million of cash collateral held by Chase Bank when Chase Bank used that cash collateral to repay a loan from a Chase affiliate to a TRC subsidiary in India." Compl., p. 19, ¶ 68.

15. Given the nature of the dispute between the parties and the alleged monetary losses that Plaintiff allegedly suffered due to Defendants' actions, it is "more likely than not" that the amount in controversy in this matter exceeds $75,000.00. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (Where plaintiffs seek recovery of "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," a removing defendant satisfies its burden under 28 U.S.C. §1331 when it proves that, at the time of removal, the amount in controversy "more likely than not" exceeds $75,000) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993)).

## COMPLIANCE WITH 28 U.S.C. § 1446

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant in this action to date are attached as noted below.

- **Exhibit 1** – Copy of state court docket
- **Exhibit 2** – Complaint
- **Exhibit 3 –** Request for Service Filed Instructions for Service Via Registered Mail
- **Exhibit 4 –** Request for Service Filed Instructions for Service Via Registered Mail

- **Exhibit 5 –** Plaintiff's Motion for Alternative Form of Service, or in the Alternative, for Extension of Time to Complete Service Under the Hague Convention

- **Exhibit 6 –** Defendants' Stipulated Motion for Enlargement of Time to Respond to Plaintiff's Motion for Alternative Form of Service

- **Exhibit 7 –** Journal Entry Granting Enlargement of Time to Respond to Motion

- **Exhibit 8 –** Defendants' Brief in Opposition to Plaintiff's Motion for Alternative Form of Service

- **Exhibit 9 –** Plaintiff's Reply in Support of Motion for Alternative Form of Service

- **Exhibit 10 –** Journal Entry Referring Matter to Administrative Judge Sheehan for Reassignment to the Commercial Docket

- **Exhibit 11 –** Journal Entry Reassigning Case to Commercial Docket

- **Exhibit 12 –** Journal Entry Granting In Part and Denying In Part Plaintiff's Motion for Alternative Form of Service

- **Exhibit 13 –** Plaintiff's Motion for Order Finding Defendants Have Waived Service, or the Alternative, for an Extension of Time to Complete Service Under the Hague Convention

- **Exhibit 14 –** Journal Entry Setting Status Conference

- **Exhibit 15 –** Notice of Substitution of Counsel

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal shall be given to the Court of Common Pleas, Cuyahoga County, Ohio, promptly after the filing of this Notice of Removal and to Plaintiff. A copy of the Notice of Filing Notice of Removal is attached as **Exhibit 16**.

22377251.v1

## CONCLUSION

16. For the reasons set forth above, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a) and (c) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

17. Defendants, by filing this Notice of Removal, do not waive any defenses or objections available to it under the law. Defendants reserve the right to amend or supplement this Notice of Removal.

Respectfully submitted,

/s/ V. Brandon McGrath
V. Brandon McGrath (0072057)
DENTONS BINGHAM GREENEBAUM, LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202
Telephone:  (513) 455-7641
Fax:  (513) 455-8500
brandon.mcgrath@dentons.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by e-mail and regular U.S. mail.  Parties may access this filing through the Court's system.

/s/ V. Brandon McGrath
Attorney for Defendants

22377251.v1