IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN K. LANE, Receiver for the Hall Street Company, f/k/a The Robbins Co. | CASE NO. 1:22-cv-1485 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| YANG HOAZHI, et al. | MEMORANDUM OPINION & ORDER |
| Defendant. | |

Currently before the Court are the Plaintiff's Position Paper as to the Location of Defendants' Depositions filed on December 7, 2023, and Defendants' Discovery Dispute Position Statement filed on December 11, 2023. (Doc. Nos. 29, 30.) The Court has reviewed the parties' Position Papers, and for the reasons set forth below, exercises its discretion to conclude that the depositions of Defendants Haozhi, Liang, Bing, Dongchun, and Yong should take place in San Francisco, California.

**Background**

Plaintiff John K. Lane is the receiver for the Hall Street Company f/k/a The Robbins Company ("TRC"). There are five named Defendants,[1] each of whom is a Chinese national living in China. Defendants are former directors and officers of TRC, who were elected to their positions after their employer, Northern Heavy Industries Group Co., Ltd ("NHI") purchased a majority equity stake in

---

[1] The named defendants are: Yang Haozhi ("Haozhi"); Yang Liang ("Liang"); GE Bing ("Bing"); Wang Dongchun ("Dongchun"); and Wang Yong ("Yong").

TRC.[2] In their respective role(s) at TRC and/or NHI, Haozhi, Donchun, and Yong traveled to Ohio twice, Bing traveled to Ohio three times, and Liang never traveled to Ohio. (*Id.*) Generally, TRC alleges that Defendants breached their fiduciary duties to TRC and, as a result, TRC suffered tens of millions of dollars in damage and was forced into a receivership. (*See* Complaint, Doc. No. 1, and Doc. No. 29, PageID # 551.)

Plaintiff seeks to take the depositions of all five Defendants, and for purposes of "formaliz[ing] the dispute for resolution," has issued notices of deposition for each Defendant to appear on March 12, 13, 14 or 15, 2024 at Plaintiff's counsel's offices in Cleveland, to provide his deposition. (Doc. No. 29, PageID # 551, and Doc. No. 29-2.) Four of the five Defendants, namely Haozhi, Liang, Bing and Dongchun, have agreed to travel to San Francisco for their depositions, and Yong has offered to travel to Hong Kong for his deposition. Plaintiff maintains that all five Defendants should be required to travel to Cleveland, Ohio for their depositions.

Plaintiff recognizes that "[w]hen a dispute concerning [the location of a deposition] arises, it is within the Court's discretion to designate the location of the deposition after having considered the facts and equities of the case." *Cabinets to Go LLC* v. *Quingdao Haiyan Real Estate Grp. Co., LTD*, 2023 WL 3922640 at *8 (M.D. Tenn. May 30, 2023). And as to the four Defendants who have agreed to travel to San Francisco, it is Plaintiff's position that this Court should treat these Defendants' challenge to the location of a deposition as a motion for protective order, and they, as the "resisting part[ies]," must "illustrate the potential for 'annoyance, embarrassment, oppression, or undue burden or expense' … with 'a particular and specific demonstration of fact, as distinguished from stereotyped

---

[2] The defendants' respective roles in TRC (and NHI) and the time frames during which they were in these roles are set forth in the Court's Memorandum Opinion and Order issued on January 20, 2023 and will not be repeated herein. (Doc. No. 16, PageID #s 446-453.)

2

and conclusory statements.'" *Scooter Store, Inc. v. Spinlife.com, LLC*, 2011 WL 2118765 at *5-6 (S.D. Ohio May 25, 2011) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540 550 (6th Cir. 2004); and *Benderson v. Marquee Cinemas-OH, Inc.*, 2015 WL 196035 at *3 (S.D. Ohio Jan. 14, 2015)).

In support of his argument that Defendants' depositions should take place in Cleveland, Plaintiff cites and relies upon *Scooter Store, Inc.*, *supra*, wherein the Court required the plaintiff's president to be deposed in Texas even though he lived and worked in Ohio, because the parties' attorneys were located in Ohio, the court would have greater ability to intervene to resolve disputes, and the extra time spent traveling would not unduly disrupt the deponent's business activity. Plaintiff argues that in the instant matter, the fact that lead counsel for each of the parties resides in Ohio, and the fact that this Court is located in Cleveland and therefore is in the same time zone where he seeks to take Defendants' depositions - meaning that this Court will be better able or situated to evaluate any disputes arising during the depositions - weigh in favor of this Court requiring the depositions to take place in Cleveland.[3] Also, according to Plaintiff, requiring Defendants to travel to Cleveland will not unduly burden them. Finally, Plaintiff questions why the insurance carrier paying for the costs of providing a defense to Defendants presumably will pay for defense counsel to travel to San Francisco, but it is unwilling to pay the airfare and lodging for Defendants to travel to Cleveland.

As to Yong, Plaintiff submits that the question is whether his deposition should go forward in the United States or a foreign country, and that in evaluating this issue, the Court should consider the following factors: "(1) the burden to the parties of holding the depositions in the United States relative

---

[3] Plaintiff also cites *Jacobs v. Floorco Ents.*, 2020 WL 1290607, at *15-16 (W.D. Ky. Mar. 18, 2020), in support of its argument that the Court's difficulty in evaluating any disputes that may arise during the depositions given the significant time zone difference between Hong Kong and Cleveland weighs in favor of ordering Defendants to be deposed in Cleveland.

to the burden of holding the depositions abroad, including the burdens imposed on the witnesses and the parties' counsel; (2) the court's ability to supervise depositions in the contested location; (3) whether depositions would be impeded by any legal or procedural barriers in another nation; and (4) the potential afront to the sovereignty of a foreign nation if a deposition pursuant to the Federal Rules of Civil Procedure is held within its borders." (Doc. No. 29, PageID# 553 (citing *In re Vitamin Antitrust Litigation*, 2001 U.S. Dist. LEXIS 25070 at *30-32 (Sep. 10, 2001).) Plaintiff argues that these factors favor Cleveland as the location for Yong's deposition, but only addresses the first and second factors, asserting that: the burden of counsel for the parties and a client representative for Plaintiff traveling to Hong Kong and finding a location and an interpreter there is greater than Yong traveling to Cleveland; and because Hong Kong is 13 hours ahead of Cleveland's time zone it would be difficult for this Court to supervise the deposition and resolve any discovery disputes.

Defendants correctly cite and quote from *Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 2016 WL 3536749 at *1 (E.D. Mich. June 29, 2016) (citations omitted), for the propositions that: "pursuant to Federal Rule of Civil Procedure 30(b)(1), the party serving a notice of deposition initially selects the location of the deposition;" that "there is a presumption 'that the defendant will be examined at his residence or place of business or employment,'" absent special circumstances, and that the presumption "'may be even stronger' when the deponent is foreign and 'may be more inconvenienced by having to travel to the United States than a [deponent] who merely resides in another state or in another judicial district;'" but the presumption may be overcome by considering the factors of cost, convenience, and litigation efficiency." As correctly explained by Defendants, in *Plastech Holding Corp.*, the Court concluded that "requiring eleven individuals who lived in China to travel to the United States for depositions was too burdensome when the party

4

seeking the depositions could send an attorney to Taiwan where the individuals had voluntarily agreed to appear." *Id.* at *3.

Defendants represent that the cost of round-trip airfare for each of them to travel from their home city of Shen Yang will be about $2500, whereas travel to Hong Kong will likely cost $800. According to Defendants, one-way travel from Shen Yang to San Francisco will be about 14 hours while travel to Hong Kong will be about 3 to 4 hours, and travel to Cleveland adds approximately an additional 10 hours of travel each way. Defendants represent that they will not be paid for their time off work. Yong believes that he will be fired by his current employer if he takes as much time off work as would be required for him to travel to the United States. Defendants submit that Defense counsel's firm has offices in Hong Kong, as well as San Francisco, and Mandarin interpreters are available in both locations. Finally, Defendants assert that there is nothing that prevents the parties from adjusting the start times of the depositions to ensure that they take place during this Court's business hours.

Defendants distinguish *Scooter Store* from the instant matter, arguing that in *Scooter Store* the burden of requiring the deponent to travel was minimal, the deponent was the president of the plaintiff company who most likely was no stranger to business travel, and neither party alleged that it was unable to bear the costs of taking the deposition in either Ohio or Texas. By contrast, according to Defendants, they are facing logistical burdens far greater than traveling from Texas to Ohio, the distance from China to Cleveland is far greater than from Texas to Ohio, none of Defendants regularly travel to the United States, Liang has never traveled to the United States, and none of them are acting within the scope of their current employment with respect to this case or these depositions.

**Analysis and Discussion**

In *Jacobs*, *supra*, at *14, the Court explained:

5

> '[D]istrict courts within the Sixth Circuit have considered the factors of cost, convenience, and litigation efficiency' in determining whether special circumstances exist to overcome the general rules regarding the location for a deposition. [Citations omitted.]

On balance, the Court finds that in the instant matter, the factors of cost, convenience, and litigation efficiency weigh in favor of the depositions of all five Defendants taking place in San Francisco, California.

As to Defendants Haozhi, Liang, Bing and Dongchun, all four have agreed to travel to San Francisco, California at a cost in dollars and time that would be more than required for Plaintiff's counsel and a client representative to travel to San Francisco. What Defendants' liability insurer has agreed to pay for or not agreed to pay for is of no consequence to the Court's evaluation; the key point is that Defendants themselves will incur the cost of attending the depositions in San Francisco, as none of them are acting within the scope of their current employment. And, because Defendants represent that they will not be paid for time off work to travel to and from and stay in San Francisco, they will incur a cost of lost income.

It will be equally inconvenient for Defendants and Plaintiff to travel to San Francisco, but Defense counsel has represented that they have offices there and the ability to secure a Mandarin interpreter there. And, in terms of litigation efficiency, the Court's ability to supervise the deposition and resolve any discovery disputes can be ensured by the parties adjusting the start times of any depositions to ensure they take place during the Court's business hours, as suggested by Defense counsel; or as the Court concluded in *Plastech Holding Corp.*, the attorneys can arrange a time to speak with the Court to discuss any issues that arose during a deposition. Or, if the parties anticipate problems with the propriety of subject matters or lines of inquiry, counsel can seek advance directives from the Court.

The above analysis also applies to Defendant Yong. However, as to Defendant Yong, it is represented that he believes that he will be fired by his current employer if he takes as much time off work as would be required for him to travel to the United States. It is worth noting that an affidavit or declaration so stating and elaborating upon the basis for Yong's belief has not been submitted. And, while traveling to the San Francisco will require more time and expense than traveling to Hong Kong, Defendant Yong will not incur as much expense or expend as much time as if the Court ordered him to appear in Cleveland. His time off work can be minimized by the parties adjusting the schedule of the five depositions to ensure Yong's time off from work, and with it any lost income, is minimized. In his role with TRC and/or NHI, Yong did travel to the United States twice.

Plaintiff submits that answering the question of where to conduct Defendant Yong's deposition – Hong Kong or the United States – requires an evaluation of four factors, to include whether the deposition would be impeded by any legal or procedural barriers in Hong Kong and the potential afront to the sovereignty of Hong Kong if a deposition pursuant to the Federal Rules of Civil Procedure is held within its borders. However, Plaintiff does not address these factors, and neither does Defense counsel. Therefore, neither will the Court.

Accordingly, the Court concludes that Defendants' depositions should take place in San Francisco and be scheduled to minimize expenses and any lost income associated with Defendants missing work, and to maximize the parties' ability to contact the Court within business hours if any disputes arise during the depositions.

**IT IS SO ORDERED.**

Date: December 18, 2023

    s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE